IN THE UNITED STATES COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARDO ROSARIO | CIVIL NO. **19  2222** |
| v. | |
| ALEX TORRES PRODUCTIONS, INC. | |
| and | |
| LA GUIRA, INC. d/b/a RED WINE RESTAURANT | DEMAND FOR JURY TRIAL |

## COMPLAINT-CIVIL CASE

**NOW COMES THE PLAINTIFF** and prays, alleges and states as follow.

### PARTIES

1. Plaintiff, Eduardo Rosario is an adult individual, who at all times relevant hereto is paraplegic who requires the use of a wheelchair at all times for mobility and who resides at 2940 A. Waldorf Avenue, Camden, New Jersey.

2. Defendant, Alex Torres Productions, Inc., is a foreign corporation or other business entity, authorized to do business in the Commonwealth of Pennsylvania, having its principle place of business located at 651 Weybridge Court, Lake Mary, Fl, 32746. ("Torres")

3. Defendant, La Guira, Inc. is a corporation or other business entity, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania, which does business as the Red Wine Restaurant, having its principle place of business at 701 Adams Avenue, Philadelphia PA 19124. ("Red Wine")

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 42 U.S.C. §12101 et. seq. because the instant case arises under federal law, specifically under the American with Disabilities Act as amended, Subchapter III, § 12182. (42 USC 12182), and its implementing regulations under 28 C.F.R. § 36.101 et seq. Also, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for civil actions arising under the laws of the United States; and for actions under laws providing for the protection of civil rights as per 28 U.S.C. § 1343. On this matter, the Court has supplemental jurisdiction over claims based in Pennsylvania State Law as stated in 28 U.S.C. § 1367. Declaratory and injunctive relief is also pursued under 28 U.S.C. §§ 2201 and 2202. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the Eastern District is the judicial district in which a substantial portion of the events or omissions giving rise to the claims alleged herein occurred. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all triable matters of the instant case.

## FACTUAL ALLEGATIONS

5. At all times relevant hereto, Defendant, Red Wine, owned, controlled and/or was exclusively responsible for the maintenance and condition of a facility which is open to the public known as the Red Win Restaurant, located at 701 Adams Avenue, Philadelphia PA 19124. ("Red Wine")

6. Defendant, Red Wine offered the use of its location to performers to provide entertainment services to its customers.

7. Customers who which to attend the performances were required to pay an admission fee.

8. At all times relevant hereto Defendant, Torres, was a promoter who provided entertainers and/or performers to businesses such as Defendant, Red Wine.

9. Upon information and belief, Defendant, Red Wine, hired Defendant, Torres to promote a comedy show to take place at the Red Wine Restaurant on February 10, 2019.

10. Defendant, Torres was responsible to ensure that accommodations for the show were compliant with the Americans with Disabilities Act of 1990, as amended 42 USC, Chapter 126, 12101 et. seq., ("ADA") and the local equivalency thereof.

11. Plaintiff purchased a ticket to the comedy show after confirming that the Red Wine Restaurant was accessible to person in a wheelchair.

12. On February 10, 2019, Plaintiff, a resident of New Jersey was denied participation and/or use of the facilities under the control and management of Defendants, because said facilities were neither fully accessible and/or independently usable to people who ride wheelchairs, to wit, the comedy show was on a lower floor which was only accessible by stairs.

13. The Red Wine Restaurant is a place of public accommodation under the meaning of the ADA, as per 42 USC 12181(7)(A) Plaintiff has a mobility disability that substantially limits one or more of his major life activities, including walking and climbing stair and thus is disabled under the meaning and pursuant to the ADA

14. Plaintiff, who requires a wheelchair at all times, was unable to access the lower floor, where rooms and amenities under control of Defendants, are located.

15. A guest elevator was not available and alternatives for access were not offered, although Plaintiff was assured that the facility was wheelchair accessible.

16. Plaintiff suffered denial of equal services and access as compared to other venue guests not having a mobility disability, humiliation resulting from being singled out as a person

with a disability and the inconvenience of having the added inconvenience being unable to attend the advertised show.

17. The lower floors of the Red Wine lack minimum accessibility requirements under the ADA and its interpreting rules and regulations, as contained in the Code of Federal Regulations.

18. A public accommodation shall make reasonable modifications in, practices, or procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities. 42 U.S.C. §12182(b)(2)(A)(ii); 28 C.F.R. §36.302(a). The defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.

19. Lack of access and denial of participation and "...full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation..." to Plaintiff is exclusively due to Defendants' failure to observance, of among other statutes, ADA's minimum accessibility requirements for commercial facilities, more specifically Section 12182 et. seq. of ADA, as amended, which prays as follows:

"Prohibition of discrimination by public accommodations

(a) General rule
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
(b) Construction
 (1) General prohibition
  (A) Activities
   (i) Denial of participation
It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the

opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

      (ii)    Participation in unequal benefit

It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.

      (iii)    Separate benefit

It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others.

      (iv)    Individual or class of individuals

For purposes of clauses (i) through (iii) of this subparagraph, the term "individual or class of individuals" refers to the clients or customers of the covered public accommodation that enters into the contractual, licensing or other arrangement.

(B) Integrated settings

Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual.

(C) Opportunity to participate

Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

20. The ADA, as amended, was enacted on July 26, 1990. It was at the time the first comprehensive federal civil rights law prohibiting discrimination due to a disability. The statute is

meant to protect the rights of individuals with disabilities in the areas of employment, access to both State and local government services, as well as places of public accommodation and transportation.

21. "In enacting the ADA, Congress adopted two distinct systems for regulating building accessibility: one to apply to existing facilities (those designed and constructed for occupancy before January 26, 1993) and another to apply to later-constructed facilities. 42 U.S.C. §§ 12183(a)(1) and 12182(b)(2)(A)(iv).

22. The grandfathered facilities must remove barriers to access only to the extent that such removal is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9)." See Long v. Coast Resorts, Inc., 267 F.3d 918.

23. Title III of the former, requires places that provide public accommodation to comply with ADA standards and to be readily accessible to, and usable by, individuals with disabilities, as per 42 U.S.C. §§ 12181-89.

24. Defendants are required by the ADA to remove existing architectural barriers when such removal is readily achievable for places of public accommodation that were built prior to January 26, 1992, according to and 42 U.S.C. § 12182(b)(2)(A)(iv), and its rules and regulations under 28 C.F.R. § 36.304(a).

25. The ADA lists factors for determining whether a measure is "readily achievable", looking at the difficulty and expense of the measure as balanced against the resources available to the covered entity. These factors are:

- the nature and cost of the action needed under the (ADA);
- the overall financial resources of the facility or facilities involved in the action;

- the number of persons employed at such facility;

- the effect on expenses and resources or the impact otherwise of such action upon the operation of the facility;

- the overall financial resources of the covered entity, the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

- the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. (42 § U.S.C. 12181(9); 28 C.F.R. § 36.304). "Plaintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable, i.e., can be accomplished easily and without much difficulty or expense. If Plaintiff satisfies this burden, Defendant then has the opportunity to rebut that showing. Defendant bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable." Colorado Cross Disability Coalition v. Hermanson Family Ltd. Partnership I, 264 F.3d 999. Architectural barrier removal should comply with ADAAG to the extent of being readily achievable. 28 C.F.R. §36.304(d)(1); ADA Technical Assistance Manual III-4.4300: Pickern v. Best Western Timber Cove Lodge Marina Resort, 2002 WL 202442. See also D'Lil v. Stardust Vacation Club, 2001 WL 1825832 (finding ADAAG "valuable guidance" even with respect to existing facilities)

26. In accordance with the aforementioned, If there has been alteration to Defendants' facilities since January 26, 1992, Defendants are then required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to, and usable by individuals with disabilities, including individuals who use wheelchairs, as per 28 C.F.R. § 36.402.

27. Alternatively, If the Defendants' facilities were designed and constructed after January 26, 1992, as defined in 28 C.F.R. § 36.401, then the Defendants' facilities must be readily accessible to and usable by individuals with disabilities as defined by the ADA.

28. Architectural barriers removal could be readily achieved, and access easily provided if Defendant executes simple alterations to the facilities such as elevators, commercial vertical platform wheelchair lifts, inclined wheelchair stair lifts, regular inclined ramps and the proper placement of bathroom fixtures in the guest rooms.

29. All disabled Pennsylvanians are entitled to full and equal accommodation, advantages, facilities, and privileges of any place of public accommodation under the Pennsylvania Human Relations Act, 43 P. S. § § 951—963.

30. Last but not least, the law mandates that owners of places of public accommodations remove architectural barriers to ensure that individuals with disabilities are not excluded because of their reliance on a mobility device, as per The Pennsylvania Human Relations Act and applicable code provisions.

31. Thus, the ADA and Pennsylvania Law impose on the Defendants a mandatory requirement for places of public accommodation accessible to disabled individuals.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICAN WITH DISABILITIES ACT

32. All prior allegations are herein re-alleged and incorporated into this cause of action.

33. Plaintiff possesses a qualified disability under the meaning of the ADA, to wit, a mobility-related disability that requires the use of a wheelchair at all times. See 42 U.S.C.§ 12131(2).

34. Title III of the American with Disabilities Act, as amended, mandates that persons with disabilities are entitled to equal access to places of public accommodation. Failure to provide said access is considered to be discrimination under the meaning of the law.

35. Compliance with Title III of the ADA means that public accommodation facilities must be readily accessible to, and independently usable by, disabled persons. 42 U.S.C. §§ 12181-89 Accessibility standards are specified and codified under 28 C.F.R. § Pt. 36.

36. Red Wine is a place of public accommodation as per 42 U.S.C. § 12181(7)(E).

37. Defendant has failed to remove architectural barriers and/or alter its facilities in order to make them readily accessible to people with disabilities according to 42 U.S.C. § 12183(a)(1).

38. Defendants have discriminated against plaintiffs by failing to provide a full and equal opportunity to enjoy the services Defendants provide, as per 42 U.S.C. §§ 12182, 12183(a)(1). 23. Defendants inobservance of the law is ongoing and continuous, requiring declaratory and injunctive relief appropriate by means of 42 U.S.C. § 12182, as well as Fed. R. Civ. P. 57, and 28 U.S.C. § 2201.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE PENNSYLVANIA
### HUMAN RELATIONS ACT, 43 P. S. §§ 951—963

39. All prior allegations are herein re-alleged and incorporated into this cause of action.

40. The Pennsylvania Human Relations Act, is comprised of the Pennsylvania Human Relations Act, 43 P. S. § § 951—963 (which provides the substance of the law) and Chapter 44 of the Pennsylvania Code, "Discrimination On The Basis Of Handicap Or Disability". ("PHRA")

41. In general, disability discrimination claims under the PHRA rise or fall in tandem with disability discrimination claims brought pursuant to the federal ADA.

42. Defendants are subject to PHRA because the Red Wine Restaurant is a place of public accommodation as defined by this statute, as well as the ADA.

43. The PHRA reads:

The opportunity for an individual to obtain employment for which he is qualified, and to obtain all the accommodations, advantages, facilities and privileges of any public accommodation and of any housing accommodation and commercial property without discrimination because of race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of the blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals is hereby recognized as and declared to be a civil right which shall be enforceable as set forth in this act.

44. The law's definition of "public accommodation" includes

accommodation, resort or amusement which is open to, accepts or solicits the patronage of the general public, including but not limited to inns, taverns, roadhouses, hotels, motels, whether conducted for the entertainment of transient guests or for the accommodation of those seeking health, recreation or rest, or restaurants or eating houses, or any place where food is sold for consumption on the premises, buffets, saloons, barrooms or any store, park or enclosure where spirituous or malt liquors are sold, ice cream parlors, confectioneries, soda fountains and all stores where ice cream, ice and fruit preparations or their derivatives, or where beverages of any kind are retailed for consumption on the premises, drug stores, dispensaries, clinics, hospitals, bathhouses, swimming pools, barber shops, beauty parlors, retail stores and establishments, theaters, motion picture houses, airdromes, roof gardens, music halls, race courses, skating rinks, amusement and recreation parks, fairs, bowling alleys, gymnasiums, shooting galleries, billiard and pool parlors, public libraries, kindergartens, primary and secondary schools, high schools, academies, colleges and universities, extension courses and all educational institutions under the supervision of this Commonwealth, nonsectarian cemeteries, garages and all public conveyances operated on land or water or in the air as well as the stations, terminals and airports

thereof, financial institutions and all Commonwealth facilities and services, including such facilities and services of all political subdivisions thereof, but shall not include any accommodations which are in their nature distinctly private.

45. The statute makes it illegal for any person in the position of either Defendants to with refuse withhold or deny any of the accommodations, advantages, facilities or privileges of such public accommodation, resort or amusement on the basis of a disability.

46. Plaintiff is an individual with disabilities within the definition set forth by the PHRA. As such, he is an individual with a physical impairment, that prevents the exercise of walking, a normal bodily function.

47. The PHRA makes it unlawful for an owner of a place of public accommodation to deny an individual with a disability, directly or indirectly, any of the advantages, facilities, or privileges of such a place of public accommodation. Defendants have failed to remove architectural barriers in Red Wine.

48. Prior allegations in the present instance case, are also alleged herein as they are related to the human rights violations under PHRA forming the basis of this cause of action, case and controversy.

49. Discrimination takes place once an owner of a public accommodation facility refuses to remove architectural barriers present at said facility, or refusal to take steps necessary to ensure that a disabled person that uses a mobility device is not excluded or denied services at places of public accommodation. Again, Defendant in the instant case has failed to remove architectural barriers, contrary to the PHRA.

50. According to the PHRA all persons in the Commonwealth of Pennsylvania are entitled to full and equal accommodations, advantages, facilities and privileges of any place of public accommodation unless limited otherwise by law.

51. Plaintiff is entitled to protection and remedies under PHRA as any other person in the Commonwealth of Pennsylvania; to wit, full and equal accommodations, advantages, facilities and privileges of any place of public accommodation.

52. It is unlawful to discriminate against a person based on a disability, under PHRA. Defendants have incurred in violation of Pennsylvania Law by discriminating against Plaintiff by operating a facility that does not provide full and equal privileges to people with disabilities who rely on devices like wheelchairs for mobility.

53. Defendants' failure to observe the law is ongoing and continuous, requiring declaratory and injunctive relief appropriate by means of PHRA as well as per the ADA and its implementing regulations.

54. Defendants' failure to observance of the law is ongoing and continuous, requiring declaratory and injunctive relief appropriate by means of PHRA as well as Fed. R. Civ. P. 57, and 28 U.S.C. § 2201 as well as per the ADA and its implementing regulations.

55. Plaintiff alleges and affirms:

1) He has suffered a personalized and concrete injury-in-fact of a legally cognizable interest; that is, Plaintiff was denied by Defendants of access and participation of; and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations provided by Red Wine, as guaranteed under Federal Law and State Law

2) The Plaintiff's injury is traceable to the Defendants' conduct, as denial of participation and equal access to services is exclusively due to Defendants' lack of implementation of removal of architectural barrier and accessibility design implementation for the benefit of people with disabilities, again as mandated by State and Federal Law (3) It is likely, as opposed to speculative, that a favorable court decision will redress the plaintiff's injury, as injunctive relief

provided by the Court on its day, will provide for the removal of architectural barriers present that impede the provision of equal access and services to Plaintiff at the facilities of Red Wine, which effectively resolves the legal issue in this instance case.

## RELIEF REQUESTED

The Plaintiff again demands trial by jury on all issues of the instant case, pursuant to Rule 38 of the Federal Rules of Civil Procedure; and that the Court provides:

      a.      Declaratory Judgement against Defendants based on a violation of the Americans with Disabilities Act, by means of remedies enforced through 42 U.S.C. §12188(a)(1); Pennsylvania Human Relations Act and title 44 of the Pennsylvania Code, because the Defendants' facilities as described above are inaccessible to, and not independently usable by, individuals with disabilities who use devices for purposes of mobility;

      b.      A Permanent Injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a) enjoining the Defendant from further discriminating against disabled persons, and requiring Defendant to remove architectural barriers present at the Red Wine Restaurant by all means necessary to bring said facilities into compliance with the ADA, its rules and regulations, so access is always provided to disabled individuals with mobility issues, now and from on henceforth.

      c.      Damages, in an amount to be determined by this Court;

      d.      Reasonable attorney's fees and costs of suit; and

e. Any other relief as this Court sees fit to provide to resolve the issues in the instant case.

RESPECTFULLY,

**OPTIMUM LAW GROUP, P.C.**

BY: _____
STEVEN C. FEINSTEIN, ESQUIRE
Optimum Law Group, P.C.
1500 Market Street, 12th Floor, East Tower
Philadelphia, Pennsylvania 19102
267-833-0200
scfeinstein@optimumlawgroup.com
Attorney for Plaintiff

Dated: May 8, 2019