IN THE UNITED STATES COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDUARDO ROSARIO | : | CIVIL NO. 2:19-cv-2222 |
| | : | |
| v. | : | |
| ALEX TORRES PRODUCTIONS, INC. | : | |
| | : | |
| and | : | |
| | : | |
| LA GUIRA, INC. d/b/a RED WINE RESTAURANT | : | |

**STEVEN C. FEINSTEIN'S RESPONSE TO THE COURT'S RULE TO SHOW CAUSE**

1. Steven C. Feinstein is an attorney, licensed to do practice law in the Commonwealth of Pennsylvania, the United States District Court for the Eastern District of Pennsylvania, the United States Circuit Court of Appeals for the Third Circuit and the United States District Court for the Eastern District of Arkansas. ("Feinstein")

2. Feinstein graduated from Villanova Law School in 1985 and was licensed to practice law in the Commonwealth of Pennsylvania in May of 1987.

3. Optimum Law Group, Inc., is a corporation duly organized and existing under the laws of New Jersey but authorized to do business in the Commonwealth of Pennsylvania.

4. Optimum Law Group, Inc. was created under that name in the State of New Jersey, in February, 2019.

5. Upon information and belief, it was operating under the name Optimum Law Group, P.C. since its inception and through at least January 7, 2020. ("Optimum")

6. Upon information and belief, Optimum began operating under the name Lento Law Group ("Lento Law")

7. As of the date of this filing, there are no business entities registered in either the State of New Jersey or the Commonwealth of Pennsylvania under the name of Lento Law Group.

8.      Upon information and belief, Lento Law is Optimum doing business as Lento Law as they have the same office addresses, the same telephone numbers, the same attorneys and the website located at optimumlawgroup.com redirects people to a website located at lentolawgroup.com.

9.      In the alternative, Lento Law Group is a new business entity, which has taken over the practice of Optimum, including all of its files, assets and liabilities.

10.     Optimum and/or Lento Law is a decentralized law firm, made up of sole practitioners operating under one banner, ostensibly run by Joseph D. Lento, Esquire, who was designated as the founder and managing attorney.

11.     In March or April of 2019, Feinstein met with John Groff, who represented himself to be a paralegal and the office manager of Optimum to discuss the possibility of Feinstein's working under Optimum's banner.

12.     Subsequently, Feinstein agreed to work with Optimum.

13.     Almost from the beginning, Feinstein experienced problems with Optimum in terms of it complying with its obligations of its agreement with Feinstein.

14.     Optimum assigned Feinstein the instant case, was given a synopsis of the facts, the identity of the parties and a sample complaint to use as a template.

15.     Eduardo Rosario is a client of Optimum's and, to the best of Feinstein's knowledge, the case had originated with Optimum.

16.     After satisfying himself that the facts set forth a prima facie case under the relevant statutes. Feinstein prepared the complaint and sent it to Optimum for review and filing, which, in fact was done.

17.     Subsequent thereto, Optimum filed a default against Defendant, La Guira, Inc.

18.     In the interim, the Court sent notices to Feinstein and other representatives of Optimum concerning the Rule 16 Conference scheduled for December 20, 2019. A copy of the notice from the Court is attached hereto and marked as Exhibit "A".

19.     During this time, Feinstein grew concerned about the manner in which Optimum was being run and whether it had long term viability.

20.     Specifically, Optimum continued to fail to comply with its contract with Feinstein by not providing negotiated for benefits, was consistently late with the payment of his wages and appeared to have cash flow problems.

21.     In addition, Feinstein related ethical concerns to Groff on two occasions which were never addressed in an appropriate manner.

22.     On or about November 26, 2019, the Feinstein's problem with Optimum came to a head.

23.     Between November 26, 2019 and November 27, 2019, a number of emails were sent between Feinstein and Optimum.

24.     In one of the emails, Lento "suspended" Feinstein, and directed that Feinstein not work on any of Optimum's files until the issues between Feinstein and Optimum could be resolved.

25.     Lento also threatened to change the login information in various jurisdictions to as to preventing Feinstein from efiling documents. Copies of the relevant emails are attached hereto and marked as Exhibit "B".

26.     On or about November 27, 2019, Feinstein sent an email resigning from Optimum, citing its multiple material breaches of the employment contract as the basis. A copy of the email is attached hereto and marked as Exhibit "C".

27.     Feinstein immediately changed his login information so as to prevent Optimum

from taking such retaliatory action.

28.     Prior to November, 27, 2019, Feinstein's profile in the United States District Court for the Eastern District of Pennsylvania, indicated that he was associated with Optimum, and provided his Optimum email address and telephone numbers for his contact information.

29.     When Feinstein changed his login information, he changed his profile to identify an association with Feinstein Law Office, with updated email addresses and telephone numbers, which automatically updated his information on all cases in which his appearance was entered in this jurisdiction, including the instant case.

30.     Upon Feinstein's resignation, Optimum blocked his access to its online case management system, within which was Optimum's calendar and access to all of the files.

31.     It also locked him out of his Optimum's email account.

32.     As such, as of November 27, 2019, Feinstein did not have access to any information with regard to the instant case, including, but not limited to the entire file.

33.     Significantly, the case management system is set up to send reminders to Optimum's attorneys as to hearings on its calendars.

34.     Although Feinstein had received notice of the Rule 16 Conference in the instant case, it was not on his personal calendar, only Optimum's calendar, to which he did not have access as of November 27, 2019.

35.     Feinstein did not receive any reminders as to the case management conference in the instant case because he did not have access to that email account.

36.     Subsequent to resigning, Feinstein requested both in phone calls and emails, that Optimum file substitutions of appearance in any case in which Feinstein's appearance was entered on any case which originated with Optimum, including the instant case. Copies of the relevant

emails are attached hereto and marked as Exhibit "D".

37.    Unfortunately, Feinstein's problems with Optimum continued after his resignation.

38.    Feinstein did not appear for the Rule 16 Conference in the instant matter.

39.    Feinstein did not seek to withdraw his appearance in the instant matter before the scheduled Rule 16 Conference.

40.    Feinstein did not have the hearing on his personal calendar and had requested that Optimum file substitutions of appearances as more fully set forth above.

41.    Feinstein had no idea that Optimum would not send someone to cover the Rule 16 Conference in the instant action, or in any other actions in which his appearance was entered.

42.    The Court called Feinstein on December 20, 2019, to inquire as to why he did not appear at the Conference.

43.    During said call, Feinstein explained the facts described above, but not in as much detail.

44.    The Court advised Feinstein that he was going to dismiss the complaint and that he was to withdraw his appearance, and to send copies of everything to the Plaintiff and Optimum.

45.    On December 20, 2019, Feinstein emailed Optimum with regard to the conference with the Court. A copy of the email is attached hereto and marked as Exhibit "E".

46.    Optimum did not respond to the email.

47.    Feinstein waited for the Court to dismiss the Complaint to do so as that is how he understood the Court's directions. A copy of the January 13, 2020, order is attached hereto and marked as Exhibit "F".

48.    Feinstein emailed a copy of the January 13, 2020, Order to Optimum on the same date. A copy of the email is attached hereto and marked as Exhibit "G".

49. Optimum did not respond to the email.

50. During the preparation of this Response, Feinstein was initially unable to locate Exhibit “G”.

51. Subsequent to Feinstein’s resignation, he forwarded all notices or documents he received with regard to any case in which his appearance was entered on behalf of its clients.

52. Despite repeated requests and notifications, Optimum did not begin to file substitutions of appearance until January 2020.

53. As a result of the above, and other issues, on January 7, 2020, Feinstein filed suit against Optimum to recover monies and other benefits owed to him for work he did during his tenure with the firm.

54. Said litigation is still pending and Optimum is currently in default.

55. Feinstein offers the above facts not as an excuse, but as an explanation for the circumstances which lead to him missing the Rule 16 Conference.

56. Feinstein has never missed a hearing or conference at any time during his career and asks the Court to accept this an anomaly that resulted from a series of unusual events.

57. The only thing that Feinstein can do is apologize to the Court and the parties and state that no disrespect was intended to either.

WHEREFORE, Feinstein respectfully requests that this Honorable Court not sanction him for his inadvertent failure to attend the Rule 16 Conference, or to take any other action against him

Respectfully Submitted,

Feinstein Law Office

By: ________________________

Steven C. Feinstein, Esquire
107 Wayne Court
West Chester, Pa 19380
(610) 864-4854
Feinsteinlawoffice@gmail.com

**CERTIFICATION OF SERVICE**

I, Steven C. Feinstein, Esquire, hereby certify that I served the attached document and exhibits on this day by first class mail, postage pre-paid to the following:

Joseph D. Lento, Esquire
Lento Law Group
3000 Atrium Way - Suite 200
Mt. Laurel, NJ 08054
And
Eduardo Rosario
2940A Waldorf Avenue
Camden, NJ 08105

**FEINSTEIN LAW OFFICE**

BY:______/s/Steven C. Feinstein______________
STEVEN C. FEINSTEIN, ESQUIRE
Attorney for Plaintiff

Dated: February 6, 2020

EXHIBIT “A”

# Fwd: Activity in Case 2:19-cv-02222-ER ROSARIO v. ALEX TORRES PRODUCTIONS, INC. et al Notice of Hearing

Steven Feinstein <scf97@hotmail.com>
Sun 1/26/2020 4:58 PM
**To:** Steven Feinstein <scf97@hotmail.com>

Sent from my iPhone

Begin forwarded message:

> **From:** scf97@hotmail.com
> **Date:** October 31, 2019 at 10:24:33 AM EDT
> **To:** ljones@optimumlawgroup.com
> **Subject: Fwd: Activity in Case 2:19-cv-02222-ER ROSARIO v. ALEX TORRES PRODUCTIONS, INC. et al Notice of Hearing**
>
> Sent from my iPhone
>
> Begin forwarded message:
>
> > **From:** "ecf_paed@paed.uscourts.gov" <ecf_paed@paed.uscourts.gov>
> > **Date:** October 31, 2019 at 10:23:40 AM EDT
> > **To:** "paedmail@paed.uscourts.gov" <paedmail@paed.uscourts.gov>
> > **Subject: Activity in Case 2:19-cv-02222-ER ROSARIO v. ALEX TORRES PRODUCTIONS, INC. et al Notice of Hearing**
> >
> > **This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
> > *****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**
> >
> > **United States District Court**

**Eastern District of Pennsylvania**

### Notice of Electronic Filing

The following transaction was entered on 10/31/2019 at 10:22 AM EDT and filed on 10/31/2019

**Case Name:** ROSARIO v. ALEX TORRES PRODUCTIONS, INC. et al
**Case Number:** 2:19-cv-02222-ER
**Filer:**
**Document Number:** 7

**Docket Text:**
**NOTICE: A pretrial conference will be held on December 20, 2019 at 10:00 a.m. in Courtroom 15A before the HONORABLE EDUARDO C. ROBRENO. Copy of Notice mailed to Pro Se Defendant, Alex Torres Productions, Inc. by Chambers on 10/31/2019. (nds)**

**2:19-cv-02222-ER Notice has been electronically mailed to:**

CONRAD J. BENEDETTO (Terminated) cjbenedetto@benedettolaw.com, ljones@cjbenedettolaw.com

STEVEN C. FEINSTEIN scfeinstein@optimumlawgroup.com, JEDWARDS@OPTIMUMLAWGROUP.COM, notices@optimumlawgroup.com, scf97@hotmail.com

**2:19-cv-02222-ER Notice will not be electronically mailed to:**

ALEX TORRES PRODUCTIONS, INC.
651 Weybridge Court
Lake Mary, FL 32746

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=10/31/2019]
[FileNumber=16562115
-0]
[12f7e44aa5c3e54d65e0cc4545bfbf7e7a1a027169f850d4f958bb196e9875444
eb8b8cd939fe95e96dc2747d0aa01f58aef0ea96028bbfd1c250243435d2f7a]]

EXHIBIT “B”

<left.letterhead>

**Steve:**

With all due respect, who do you think you are speaking to like that or demanding from the Firm?

In light of this, until you have the time to sit down with our team and understand your position here at Optimum, you are not to act on behalf of Optimum.

**Terri:**

Cancel any depositions and complaints to be filed until further notice.

**Dave:** Suspend all credentials until Steve meets with us.

**Steve:** Good Luck in your future endeavors if you choose to go elsewhere or file anything on your own.

**Everyone**, be guided accordingly.

Joseph D. Lento

Attorney at Law

Managing Attorney / Founder
Optimum Law Group, P.C.
3000 Atrium Way - Suite # 200
Mt. Laurel, NJ 08054
856-652-2000 - Office
856-375-1010 - Fax
www.Optimumlawgroup.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is privileged and confidential, and intended only

EXHIBIT "C"

# Re: Complaints to be filed

Steven Feinstein <scf97@hotmail.com>

Wed 11/27/2019 12:03 PM

**To:** jdlento@optimumlawgroup.com <jdlento@optimumlawgroup.com>
**Cc:** tmorphew@optimumlawgroup.com <tmorphew@optimumlawgroup.com>; dhaislip@optimumlawgroup.com <dhaislip@optimumlawgroup.com>; jedwards@optimumlawgroup.com <jedwards@optimumlawgroup.com>

Please remove me from the Optimum website immediately.
There will be no meeting.

I will send in my final invoice, substitute my appearance in any case that is filed in my name. I have changed my credentials for the EDPA and Philadelphia.

Give me an amount advanced on any costs in any cases and I will pay them when those cases settle. If you do not send them, I will assume that you waived them.

Optimum is and has been in material breach of my contract with it and I am done with it.

Other than for the above, do not contact me again.

Sent from my iPhone

> On Nov 27, 2019, at 11:14 AM, "jdlento@optimumlawgroup.com" <jdlento@optimumlawgroup.com> wrote:
>
> <left.letterhead>
>
> **Steve:**
>
> With all due respect, who do you think you are speaking to like that or demanding from the Firm?
>
> In light of this, until you have the time to sit down with our team and understand your position here at Optimum, you are not to act on behalf of Optimum.
>
> **Terri:**
>
> Cancel any depositions and complaints to be filed until further notice.
>
> **Dave:** Suspend all credentials until Steve meets with us.
>
> **Steve:** Good Luck in your future endeavors if you choose to go elsewhere or file anything on your own.
>
> **Everyone**, be guided accordingly.

EXHIBIT “D”

 Steven Feinstein <feinsteinlawoffice@gmail.com>

# Bennedetto v. Watson

**Steven Feinstein** <feinsteinlawoffice@gmail.com> Thu, Dec 19, 2019 at 11:15 AM
To: Joseph Lento <jdlento@optimumlawgroup.com>, J Edwards <jedwards@optimumlawgroup.com>, Conrad Benedetto <cjbenedetto@benedettolaw.com>

Attached please find a rule to show cause that was served on my by certified mail today. Please have someone substitute their appearance in for mine as I will not be attending, per the letter I got from Joe Lento to immediately stop doing any work on Optimum cases and to not contact Optimum clients.

Please substitute my appearance in all of the Optimum cases. If I am held accountable on files in which I am no longer representing the clients or have access to the files, I will hold Optimum responsible.

--

**bennedetto v. watson rule to show cause.pdf**
6825K



Steven Feinstein <feinsteinlawoffice@gmail.com>

## Notice of order on Case #190704102

**Steven C. Feinstein** <feinsteinlawoffice@gmail.com> Thu, Dec 26, 2019 at 4:39 PM
To: jedwards@optimumlawgroup.com
Cc: David Haislip <dhaislip@optimumlawgroup.com>, Joseph Lento <jdlento@optimumlawgroup.com>

I believe I told Teri that a month ago, but yes

Sent from my iPhone

On Dec 26, 2019, at 4:37 PM, jedwards@optimumlawgroup.com wrote:

<left.letterhead> Are you given permission to use your electronic signature on all substitutions?

**J. Edwards**
Office Manager
Optimum Law Group, P.C.
3000 Atrium Way - Suite # 200
Mt. Laurel, NJ 08054
856-652-2000 - Office
856-375-1010 - Fax
www.Optimumlawgroup.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is privileged and confidential, and intended only for the use of the individual(s) and/or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any unauthorized disclosure, copying, distribution or taking of any action in reliance of the contents of the e-mail materials is strictly prohibited and review by any individual other than the intended recipient shall not constitute waiver of the attorney/client privilege. If you have received this transmission in error, please immediately notify the Sender identified above by telephone to arrange for the return of the materials. Thank you.

-------- Original Message --------
Subject: Fwd: Notice of order on Case #190704102
From: "Steven C. Feinstein" <feinsteinlawoffice@gmail.com>
Date: Thu, December 26, 2019 4:20 pm
To: John <jedwards@optimumlawgroup.com>, David Haislip <dhaislip@optimumlawgroup.com>, Joseph Lento <jdlento@optimumlawgroup.com>

Again, I need you to have someone substitute on for my appearance.

Please do this by the end of next week.

Sent from my iPhone

Begin forwarded message:

**From:** cp-efiling@courts.phila.gov
**Date:** December 26, 2019 at 4:10:46 PM EST
**To:** feinsteinlawoffice@gmail.com
**Subject: Notice of order on Case #190704102**

Dear Steven C. Feinstein,

A legal paper, which requires notice pursuant to Pa. R.C.P. 236 and/or

Pa. R.C.P. 1307, has been entered by the Court in the following matter:

Caption:
BENEDETTO VS WATSON ETAL
Case Number: 190704102

Date of Entry on Docket:
December 23, 2019 10:11 am EDT/DST

Type of Legal Paper:
NOTICE GIVEN

You may retrieve the legal paper, and any related document(s), by copying and pasting the following web address(es) into your browser or by clicking the link(s) below to view the related documents(s). Each link represents a separate document entered in connection with this matter. Utilizing the link(s) below will only display the actual document(s). You will not be logged into the court's electronic filing system.

CLNGV_25.pdf
https://fjdefile.phila.gov/efsfjd/zk_ealib.open_doc?h=t7btcsTlwE4CD4Jk

THANK YOU,

ERIC FEDER
DEPUTY COURT ADMINISTRATOR
DIRECTOR, OFFICE OF JUDICIAL RECORDS

D I S C L A I M E R
-----------------------------------------------------------------
The First Judicial District will use your electronic mail address and other personal information only for purposes of Electronic Filing as authorized by Pa. R.C.P. 205.4 and Philadelphia Civil *Rule 205.4.

Use of the Electronic Filing System constitutes an acknowledgment that the user has read the Electronic Filing Rules and Disclaimer and agrees to comply with same.

-----------------------------------------------------------------

This is an automated e-mail, please do not respond!

EXHIBIT "E"

 **Steven Feinstein <feinsteinlawoffice@gmail.com>**

## Rosario

**Steven C. Feinstein** <feinsteinlawoffice@gmail.com> Fri, Dec 20, 2019 at 11:42 AM
To: John <jedwards@optimumlawgroup.com>, Joseph Lento <jdlento@optimumlawgroup.com>

There was a rule 16 conference in this case this morning. No one from Optimum showed. The will be dismissed.

Over 3 weeks no, no check, no breakdown of costs. You are still holding up my ability to finalize Guzzi and get you your share. Kindly send by end of business today. If I do not receive same I will advise defense counsel that you have waived your lien.
Sent from my iPhone

EXHIBIT “F”

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Eduardo Rosario,<br><br>Plaintiff<br>v.<br><br>Alex Torres Productions, Inc., et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>NO. 19-2222 |

**ORDER**

**AND NOW**, this **13th** day of **January, 2020**, after a hearing in open court on December 20, 2019, with Alex Torres present, and neither Eduardo Rosario nor La Guira, Inc., present, it is hereby **ORDERED** that:

1. The Default (ECF No. 4) is **STRICKEN;**[1]
2. The Complaint (ECF No. 1) is **DISMISSED;**[2]
3. The Court retains jurisdiction for 90 days to consider referral of Steven C. Feinstein, Esq., and Joseph D. Lento, Esq., to the relevant disciplinary

---

[1] No evidence supporting entry of a default judgment was presented by Plaintiff at the hearing.

[2] The complaint is dismissed for failure to prosecute. Plaintiff's counsel of record failed to appear in person at the initial pretrial conference. He was contacted by telephone and represented to the Court that he was no longer plaintiff's counsel in this matter (a copy of the transcripts containing this representation is attached hereto). Judicial economy is advanced by dismissal of the case without prejudice so counsel of record can sort out the issue of Plaintiff's representation. Because this dismissal is without prejudice, the Court does not need to apply the Poulis factors before dismissing the case for failure to prosecute. Cf. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (requiring consideration of six factors before dismissing a case with prejudice due to noncompliance with a court order). If the complaint is refiled, it shall include legal authority for the proposition that a promoter may be held liable under the circumstances presented in this case.

board and to consider imposing monetary sanctions on Steven C. Feinstein, Esq., Joseph D. Lento, Esq., and Optimum Law Group, P.C., under Rule 11, 28 U.S.C. § 1927, and the Court's inherent power;[3]

4. A Rule is **ISSUED** for Steven C. Feinstein, Esq., Joseph D. Lento, Esq., and Optimum Law Group, P.C., to show cause, by **February 10, 2020**, why sanctions should not be imposed;
5. Steven C. Feinstein, Esq., is directed to withdraw his appearance for the plaintiff; and
6. Steven C. Feinstein, Esq., is directed to serve a copy of this Order on Joseph D. Lento, Esq., and Eduardo Rosario.

**AND IT IS SO ORDERED.**

***/s/ Eduardo C. Robreno***
**EDUARDO C. ROBRENO, J.**

---

[3] Plaintiff's counsel of record represented to the Court conduct which constitute prima facie violations of the Pennsylvania Rules of Professional Conduct and Rule 11 of the Federal Rules of Civil Procedure (a copy of the transcripts containing these representations is attached hereto).

Case 2:19-cv-02222-ER Document 9 Filed 01/13/20 Page 3 of 21

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDUARDO ROSARIO, | : | CIVIL CASE |
| Plaintiff(s) | : | Case No. 2:19-cv-02222-ER |
| v. | : | Philadelphia, Pennsylvania<br>December 20, 2019 |
| ALEX TORRES PRODUCTIONS, INC, et al | : | Time 10:28 a.m. to 10:50 a.m. |
| Defendant(s) | : | |

. . . . . . . . . . . . . . .

TRANSCRIPT OF PRETRIAL CONFERENCE
BEFORE THE HONORABLE EDUARDO C. ROBERENO
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Plaintiff(s): Steven C. Feinstein
Feinstein Law Office
107 Wayne Court
West Chester, PA 19380

For Defendant Name: Alex Torres, Pro Se
Alex Torres Productions, Inc
651 Weybridge Court
Lake Mary, FL 32746
City, State Zip

Court Recorder: Kenneth Duvak
Clerk's Office
U.S. District Court

Transcription Service: Precise Transcripts
45 N. Broad Street
Ridgewood, NJ 07450

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

Case 2:19-cv-02222-ER Document 9 Filed 01/13/20 Page 4 of 21

(Proceedings started at 10:28 a.m.)

DEPUTY CLERK RONALD VANCE: All rise. The United States District Court for the Eastern District of Pennsylvania is now in session. The Honorable Eduardo C. Roberno presiding.

JUDGE EDUARDO C. ROBERNO: Good morning, please be seated.

ALEX TORRES: Good morning.

THE COURT: Okay. Is there anyone in the courtroom or on the phone on behalf of the plaintiff Rosario?

COUNSEL STEVEN FEINSTEIN: Your Honor this is Steve Feinstein. My appearance is entered for Mr. Rosario. When the complaint was filed in this case it was filed under the law firm of Optimum Law Group and on November 26th I left Optimum Law Group, I subsequently received a letter --

THE COURT: Hold - hold on a second. What's going on here Kenneth? There's - there's a phone ringing.

ESR KENNETH DUVAK: I think that's on his end Judge. I think that's a phone in his office ringing.

THE COURT: Oh okay. Is that a phone in your office Mr. Feinstein?

MR. FEINSTEIN: No, there's nothing ringing in my office.

Case 2:19-cv-02222-ER Document 9 Filed 01/13/20 Page 5 of 21

THE COURT: Okay.

MR. FEINSTEIN: I do hear that but that not in my office.

THE COURT: Okay. Okay, well let's proceed.

MR. FEINSTEIN: Your Honor, as I was saying. I left Optimum Law Group on November 26th just before Thanksgiving and I received a letter from them indicating that I was not to communicate with any clients and not to do anything on behalf of any of their cases. I instructed them to substitute my appearance in on any of the cases that -- substitute the appearance from anything that I had. I'd also received a - a part of the exchange of the communications where -- that they were going to absolute change my credentials, my lobbying credentials, to prevent me from lobbying in. So, the first thing I did after - after I received that was go into all of the various places where I could find --

THE COURT: Now hold on a second. There is a ringing going on here.

MR. FEINSTEIN: Okay.

ESR: It's not coming in over there.

THE COURT: Okay, let's - let's proceed. Mr. Fein-

MR. FEINSTEIN: Yes, part of the communications that I received from them was a (indiscernible) to change

Case 2:19-cv-02222-ER Document 9 Filed 01/13/20 Page 6 of 21

all of my lobbying credentials on all of the electronic filing notifications and jurisdictions, so I immediately went in and changed my - my passwords and all the contact information which is why it - it's still - it -- when - when I did that it automatically updated my appearance on any case that I was in and changed it to Feinstein - Feinstein Law Office as opposed to Optimum Law Group. But if you pull up the complaint that was filed, you'll see that it was filed under Optimum Law Group. They did receive notice of this hearing and I had no explanation to why they didn't send someone over. I apologize to the Court because obviously if I had known they weren't going to I would've been there. They have been specifically instructed to substitute my appearance in every case in which I was involved in an Optimum case. And, I will immediately file a petition to have my formal appearance withdrawn and I will put Optimum on notice of what happened this morning and let them know that, you know, I'm not very happy about what they did, as I'm sure you are not as well. So, again my apologies to the Court, I did know about this hearing, I did but as I said they were - they were advised of the hearing as well and they should've sent somebody, so.

THE COURT: Now, let me ask you this. When did this event happen that you were dismissed from Optimum or

Case 2:19-cv-02222-ER Document 9 Filed 01/13/20 Page 7 of 21

terminated?

MR. FEINSTEIN: Well actually I resigned from them on October -- on November 26th.

THE COURT: November 26th.

MR. FEINSTEIN: I have --

THE COURT: Okay.

MR. FEINSTEIN: November 26th. I've also just finished a two-week jury trial and this was, you know, my mind actually wasn't on, you know, my calendar but I have been communicating with them because they owe me money and they owe me information about cases that I - that I retained and they have -- they just stopped communicating with me and I asked them several times to substitute their appearance send (indiscernible) for my appearance, but.

THE COURT: Now, did you - did you - you drafted the complaint in this case?

MR. FEINSTEIN: I believe that I did. Yeah, I did. As a matter of fact I did based upon a sample that was provided to me by one of the paralegals at Optimum, but yes, I did draft the complaint.

THE COURT: Yeah, because it's signed by you.

MR. FEINSTEIN: Yeah.

THE COURT: And, there was - there was an issue of whether this promoter was in Florida -- was properly sued in this case and I'm looking to some law that would

allow that to - to take place. Was there any research done here that would warrant suing a promoter an - an artist who performed?

MR. FEINSTEIN: I - I personally did not do any research with regard to that. The -- I believe that the sample complaint that I had was a similar set of circumstances and -- but the way I read the statute, when I did read the provisions of the statute I - I did read it to include that a promoter could be held responsible under these circumstances. I - I did 'cause I remember - I remember -- and this a long time ago through, gosh it was several months, and I remember reading this and the way I - I read it I - I thought that the statute was rather extensive and included people who were running promotions at the facility and that they were obligated to - to - to provide access to - to handicap people.

THE COURT: Do you have any - any case law that supports that interpretation?

MR. FEINSTEIN: No, I'm sorry do any specific research with regard to that.

THE COURT: Mm-hm. Okay. Well, who is the person at Optimum Law Group, who was the senior person there?

MR. FEINSTEIN: Well the managing attorney is - is a gentleman by the name of Joseph Lento.

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 9 of 21

THE COURT: Wisro?

MR. FEINSTEIN: Lento, L-E-N-T-O.

THE COURT: Okay, spell - spell it for us again.

MR. FEINSTEIN: L-E-N-T-O.

THE COURT: Oh, Lento.

MR. FEINSTEIN: I also (indiscernible) that he’s not admitted in the Eastern District.

THE COURT: Okay. Okay. Well, this -- Mr. Feinstein, I - I hope to say a learning lesson. When your name is on the complaint until your relief from that obligation, you are the lawyer of record. You can't tell --

MR. FEINSTEIN: You’re right sir, I was - I was not careful, I should have taken care of that.

THE COURT: Yeah.

MR. FEINSTEIN: I apologize.

THE COURT: Because you can't just tell somebody else, you know, I’m out of here you take care of it and rely upon that because we rely on the lawyer of record --

MR. FEINSTEIN: Yes.

THE COURT: We have - we have the defendant is here today and he had been inconvenienced by having to show up here when there's nobody here from the other side. And that’s --

MR. FEINSTEIN: Well, like I said, I apologize to

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 10 of 21

the Court and I apologize to Mr. Torres --

THE COURT: Yeah.

MR. FEINSTEIN: -- certainly no disrespect was intended. I, you know, this was -- it is my responsibility because my appearance is entered, but I genuinely thought somebody would be covering it from Optimum --

THE COURT: Right.

MR. FEINSTEIN: -- and I will make sure that my appearance is withdrawn, somebody else is subst- substituted in.

THE COURT: Yeah. Well, I think the solution to this problem is going to be that we're gonna start, if the Plaintiff wants, all over again. I'm gonna dismiss the case without prejudice and --

MR. FEINSTEIN: Okay.

THE COURT: -- I'm going to strike - I'm gonna strike the - the default and -- because no lawyer is really representing the Plaintiff in this case --

MR. FEINSTEIN: Okay.

THE COURT: And somebody's gonna have to come up with some cause of action that is supported by - by law. You're handed representation that you didn't do any research concerning bringing in a party to the case. Is from a (indiscernible) rule 11 sanctionable, but to the

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 11 of 21

extent --

MR. FEINSTEIN: But not -- Your Honor, with all due respect, if I viewed the statute as being extensive, I had a good faith basis for - for including that.

THE COURT: No. Okay, I - I didn't say it was, I said it was from a (indiscernible), okay, case.

MR. FEINSTEIN: Okay. Okay.

THE COURT: You don't have an explanation for it. So I don't know whether anybody's interested in pursuing this matter but I think that this is something that is troublesome -- now is Optimum Law have any other lawyers other than Mr. Lento?

MR. FEINSTEIN: I'm sorry what, I could understand --

THE COURT: Yeah. Are there any other lawyers in Optimum Law other than Mr. Lento?

MR. FEINSTEIN: Yes, there are several.

THE COURT: Okay.

MR. FEINSTEIN: But it's sort of a decentralized law firm and people -- it's really kind of a (indiscernible) who are operating under one letterhead --

THE COURT: I - I see.

MR. FEINSTEIN: But they're -- so they're individual counsels, it's not a traditional type law firm --

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 12 of 21

THE COURT: Okay.

MR. FEINSTEIN: -- where - where you go to a central location and -- we're all remote - remote people, well we were, but.

THE COURT: Now, 1615 South Broad, is that where -- let me see, you know, they're - they're located on 1500 Market Street.

MR. FEINSTEIN: Yeah, that - that - that is a virtual office. The primary - the primary office is located in New Jersey.

THE COURT: Yeah.

MR. FEINSTEIN: That's a virtual office, I - I -- the 1615 address, I'm not sure why it would've been in the complaint but that's law office of (indiscernible) Conrad Benedetto.

THE COURT: Yeah, right.

MR. FEINSTEIN: Not a member of Optimum but who had - who probably drafted the original complaint that was given to me as a sample. I -- if that address appears in the complaint it's probably a (indiscernible) error of some kind but I'm not sure since I don't have the complaint in front of me.

THE COURT: Well let's see, the complaint says 1500 Market Street and is - is signed by you.

MR. FEINSTEIN: Yes.

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 13 of 21

THE COURT: In - in there Mr. Benedetto's name is on the docket but is says he was terminated as of July 1, 2019.

MR. FEINSTEIN: Oh, you know what, that -- he just told me that.

THE COURT: Yeah.

MR. FEINSTEIN: Is my -- the first time I've heard that.

THE COURT: Yeah.

MR. FEINSTEIN: Mr. Benedetto refers cases to Optimum. I was given it to draft a complaint and - and - and - and to file suit in the case. I had no idea that the case had actually originated with Conrad or that maybe he had (indiscernible) 'cause when I filed it, I filed it as an original lawsuit with all the original cover sheets. There -- I don't have any idea why Conrad would've been on the docket. Do you want - do you want the -- the telephone number that's on the complaint is -- I do believe that holds through to (indiscernible) so --

THE COURT: Let's see - let's see what it says here, I think it has a 50 -- he has 267, which I guess is Philadelphia extensively, 833-0200.

MR. FEINSTEIN: Yes, got it. That went through to the New Jersey office.

THE COURT: Now, have you ever met Mr. Rosario?

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 14 of 21

MR. FEINSTEIN: Have I met Mr. -- I have not personally met Mr. Rosario.

THE COURT: Okay. Okay. Well --

MR. FEINSTEIN: The - the file's reviewed by others in Optimum --

THE COURT: Yeah.

MR. FEINSTEIN: -- and I was requested to file the complaint.

THE COURT: Yep. Okay, we are putting your - your name on it and - and you will have -- you have a license to protect so how long have you been practicing law?

MR. FEINSTEIN: Thirty-four years Your Honor.

THE COURT: Okay, so I think you - you know better Mr. Feinstein. This is -- your whole story, which I appreciate by the way, your candor, is very troubling.

MR. FEINSTEIN: All -- I understand Your Honor, it's one of the reasons why I'm no longer with Optimum.

THE COURT: Yeah.

MR. FEINSTEIN: I had significant concerns about the - some of the ethical things that were going on in that firm and there were other issues that - that were -- you know, I don't really want to get into it but there are very significant and specific reasons why I'm no longer with that firm. I, you know, and I'll be fully candid, I

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 15 of 21

graduated in - in '85', I - I previously had some -- a run in with the disciplinary board and I've been doing everything I possibly can to avoid every having to do that again. So, I do appreciate and understand everything that you're saying and that's part of the reason why I'm no longer with Optimum because I felt at various times that my license might be at risk based upon things that they were doing. So -- and again, I wasn't with them all that long. I started with them in, I think April, and it terminated in November because I just didn't like the way things were going down. But, in the meantime I do -- I just said -- I do appreciate your comments and I'm taking them to heart and nothing like this will ever happen again.

THE COURT: And you are in West Chester now, right?

MR. FEINSTEIN: Yeah, my office is - my personal office in West Chester, yeah. But actually you're talking to me on my cell phone so I'm not sitting --

THE COURT: Okay.

MR. FEINSTEIN: -- there right now, but that's where my office is.

THE COURT: At 107 Wayne Court, West Chester, Pennsylvania?

MR. FEINSTEIN: Yes.

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 18 of 21

THE COURT: Okay. Very good. I think we're going to terminate then your participation in this, I said is my intend then to dismiss the case and strike the default and --

MR. FEINSTEIN: Okay.

THE COURT: -- allow you to also -- I'm going to allow you to withdraw from the case.

MR. FEINSTEIN: Okay.

THE COURT: But in the way out of withdrawal you are to serve the copy of the order that I entered in the case upon the Optimum Law Group, PC. and --

MR. FEINSTEIN: I'll - I'll - I'll file - I'll file a copy -- I'll serve them with a copy of my petition and I'll serve them with any order.

THE COURT: And also the extent that you know Mr. Rosario's address, do you know that?

MR. FEINSTEIN: Let me see if I have that. Hold on. I have it as 2940 A Waldorf Avenue, Camden, New Jersey.

THE COURT: Okay. So, you are directed by the Court to serve Mr. Rosario as well as Optimum Law Group, PC --

MR. FEINSTEIN: Okay.

THE COURT: -- with a copy of the order that I'm going to enter in this case --

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 17 of 21

MR. FEINSTEIN: Okay.

THE COURT: -- and then they'll - they'll have to proceed which ever way they - they would like to. Okay, thank you Mr. Feinstein.

MR. FEINSTEIN: So -- okay, thank Your Honor I appreciate it.

THE COURT: Thank you.

MR. FEINSTEIN: Thank you.

THE COURT: Thank you. Okay, good morning. Sir, would I have your name?

MR. TORRES: Alex Torres.

THE COURT: Okay. Mr. Torres, let's see, you are the promoter for this --

MR. TORRES: Yes, sir.

THE COURT: Okay.

MR. TORRES: Yes, Your Honor.

THE COURT: Now - now you're from Florida?

MR. TORRES: Yes.

THE COURT: Okay, so you came up for this matter?

MR. TORRES: I drove, I've been driving for two days.

THE COURT: Okay. Well, what about the - the other defendant has - has the other defendant been served? La Guira?

MR. TORRES: Huh?

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 18 of 21

THE COURT: Right. Well no it says here default against La Guira. Okay, that was entered, right? Okay. Okay. Well -- but the hearing today was on -- okay Mr. Torres file and answer, La Guira has not appeared, right? Okay. Okay. Well, this is what we're going to do, we're gonna dismiss the case and we'll see where that goes from there. I think what you should do Mr. Torres, is leave your phone number --

MR. TORRES: Okay.

THE COURT: -- so that if we have further proceeding you may not necessarily have to come from Florida.

MR. TORRES: Thank you.

THE COURT: I think it's been a burden on you that is - is - is - is unfair burden on you to have you - have you drive up here and then there is no one here from the plaintiff's side. So, let me -- let's - let's go off the record here for a moment. The Court finds after hearing from counsel for the plaintiff in this case and hearing from defendant Alex Torres Production, Inc. that the case should be dismissed for failure to prosecute and the default that was entered against La Guira Inc. will be stricken and the matter may be terminated with the exception that the Court will retain jurisdiction to impose sanctions upon any of the lawyers who has

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 19 of 21

represented plaintiff in this case that is Optimum Law Group, PC, Feinstein Law Office and/or to refer these -- well including the reference of this matter to the disciplinary board for further action. So, you have any questions Mr. Torres?

MR. TORRES: Yes.

THE COURT: Yeah.

MR. TORRES: Does that mean they can sue me again?

THE COURT: They could if they wanted to, they could sue you again, yes. But we'll see where that goes.

MR. TORRES: Okay.

THE COURT: Yeah.

MR. TORRES: I was just asking because since it's not my building, was the first time I was there --

THE COURT: I understand that.

MR. TORRES: And I was, like, a little bit confused and.

THE COURT: I asked him that question.

MR. TORRES: So --

THE COURT: So it -- I asked him that question and I will ask put in the order that if you were to refile the -- if they were to refile this case they should provide some legal authority from the proposition that under these circumstances the promoter will bear some

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 20 of 21

liability. As you heard him, his explanation is that he read statute but he didn't do any research that applied the statute to the facts of this case. Okay. Very good. Okay, thank you.

MR. TORRES: Thank you.

THE COURT: Hearing is adjourned.

MR. TORRES: Happy holidays to everyone.

THE COURT: Thank you.

(Court adjourned at 10:50 a.m.)

Case 2:19-cv-02222-ER Document 9 Filed 01/15/20 Page 21 of 21

CERTIFICATE

I, Stephanie Garcia, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

January 6, 2020

EXHIBIT “G”

 **Steven Feinstein <feinsteinlawoffice@gmail.com>**

---

# Activity in Case 2:19-cv-02222-ER ROSARIO v. ALEX TORRES PRODUCTIONS, INC. et al Order to Show Cause

---

**Steven C. Feinstein** <feinsteinlawoffice@gmail.com> Mon, Jan 13, 2020 at 12:23 PM
To: Joseph Lento <jdlento@optimumlawgroup.com>

This is what happens when you fail to do what is right. If I am hit with sanctions I will look for you to pay them.

If you think I am kidding, try me.

Sent from my iPhone

Begin forwarded message:

> **From:** ecf_paed@paed.uscourts.gov
> **Date:** January 13, 2020 at 12:07:12 PM EST
> **To:** paedmail@paed.uscourts.gov
> **Subject: Activity in Case 2:19-cv-02222-ER ROSARIO v. ALEX TORRES PRODUCTIONS, INC. et al Order to Show Cause**
>
> [Quoted text hidden]