IN THE UNITED STATES COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDUARDO ROSARIO | : | CIVIL NO. 2:19-cv-2222 |
| | : | |
| v. | : | |
| ALEX TORRES PRODUCTIONS, INC. | : | |
| | : | |
| and | : | |
| | : | |
| LA GUIRA, INC. d/b/a RED WINE RESTAURANT | : | |
| | : | |

ORDER

AND NOW, to wit, this _____ day of _____, 2020, upon consideration of the Petition of Steven C. Feinstein, Esquire's Petition to Withdraw Appearance, and any responses thereto, it is hereby ORDERED and DECREED that said Petition is GRANTED. The appearance of Steven C. Feinstein, Esquire is hereby WITHDRAWN on behalf of Plaintiff, Eduardo Rosario.

BY THE COURT;

_____
HON. EDUARDO C. ROBERNO

IN THE UNITED STATES COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDUARDO ROSARIO | : | CIVIL NO. 2:19-cv-2222 |
| | : | |
| v. | : | |
| ALEX TORRES PRODUCTIONS, INC. | : | |
| | : | |
| and | : | |
| | : | |
| LA GUIRA, INC. d/b/a RED WINE RESTAURANT | : | |
| | : | |

## STEVEN C. FEINSTEIN'S PETITION TO
## WITHDRAW AS COUNSEL FOR PLAINTIFF

1. Optimum Law Group, Inc., is a corporation duly organized and existing under the laws of New Jersey but authorized to do business in the Commonwealth of Pennsylvania.

2. Optimum Law Group, Inc. was created under that name in the State of New Jersey, in February, 2019.

3. Upon information and belief, it was operating under the name Optimum Law Group, P.C. since its inception and through at least January 7, 2020. ("Optimum")

4. Upon information and belief, Optimum began operating under the name Lento Law Group ("Lento Law")

5. As of the date of this filing, there are no business entities registered in either the State of New Jersey or the Commonwealth of Pennsylvania under the name of Lento Law Group.

6. Upon information and belief, Lento Law is Optimum doing business as Lento Law as they have the same office addresses, the same telephone numbers, the same attorneys and the website located at optimumlawgroup.com redirects people to a website located at lentolawgroup.com.

7. In the alternative, Lento Law Group is a new business entity, which has taken over

the practice of Optimum, including all of its files, assets and liabilities.

8. In March or April of 2019, Feinstein met with John Groff, who represented himself to be a paralegal and the office manager of Optimum to discuss the possibility of Feinstein's working under Optimum's banner.

9. Subsequently, Feinstein agreed to work with Optimum.

10. Optimum assigned Feinstein the instant case, was given a synopsis of the facts, the identity of the parties and a sample complaint to use as a template.

11. Eduardo Rosario is a client of Optimum's and, to the best of Feinstein's knowledge, the case had originated with Optimum.

12. After satisfying himself that the facts set forth a prima facie case under the relevant statutes. Feinstein prepared the complaint and sent it to Optimum for review and filing, which, in fact was done.

13. In the interim, the Court sent notices to Feinstein and other representatives of Optimum concerning the Rule 16 Conference scheduled for December 20, 2019.

14. On or about November 27, 2019, Feinstein sent an email resigning from Optimum.

15. Subsequent to resigning, Feinstein requested both in phone calls and emails, that Optimum file substitutions of appearance in any case in which Feinstein's appearance was entered on any case which originated with Optimum, including the instant case.

16. At the time of his resignation, Feinstein did not have access to Plaintiff's file.

17. After resigning, Optimum immediately blocked his access to an on-line case management system, which contained digital copy of Plaintiff's file.

18. Despite requests and notifications, Optimum did not file a substitution of appearance in the instant matter.

19. Feinstein did not have the hearing on his personal calendar and had requested that Optimum file substitutions of appearances as more fully set forth above.

20. Feinstein had no idea that Optimum would not send someone to cover the Rule 16 Conference in the instant action, or in any other actions in which his appearance was entered.

21. The Court called Feinstein on December 20, 2019, to inquire as to why he did not appear at the Conference.

22. During said call, Feinstein explained the facts described above, but not in as much detail.

23. The Court advised Feinstein that he was going to dismiss the complaint and that he was to withdraw his appearance, and to send copies of everything to the Plaintiff and Optimum.

24. Feinstein files this in accordance with the Court's directions.

WHEREFORE, Feinstein respectfully requests that this Honorable Court not sanction him for his inadvertent failure to attend the Rule 16 Conference, or to take any other action against him

Respectfully Submitted,

**FEINSTEIN LAW OFFICE**

By: _____
Steven C. Feinstein, Esquire
107 Wayne Court
West Chester, Pa 19380
(610) 864-4854
Feinsteinlawoffice@gmail.com

## CERTIFICATION OF SERVICE

I, Steven C. Feinstein, Esquire, hereby certify that I served the attached document on this day by first class mail, postage pre-paid to the following:

Joseph D. Lento, Esquire
Lento Law Group
3000 Atrium Way - Suite 200
Mt. Laurel, NJ 08054
And
Eduardo Rosario
2940A Waldorf Avenue
Camden, NJ 08105

**FEINSTEIN LAW OFFICE**


BY:      /s/Steven C. Feinstein
STEVEN C. FEINSTEIN, ESQUIRE
Attorney for Plaintiff

Dated: February 6, 2020