```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDUARDO ROSARIO,              :  CIVIL ACTION
                 PLAINTIFF    :  NO. 19-2222
                              :
          V.                  :
                              :
ALEX TORRES PRODUCTIONS, INC.,:
ET AL.,                       :
                 DEFENDANTS   :
```

### ANSWER OF THE RESPONDENT, JOSEPH D. LENTO, ESQUIRE TO THE JANUARY 13, 2020 RULE TO SHOW CAUSE

The Respondent, Joseph D. Lento, Esquire, hereby answers the January 13, 2020 Rule to Show Cause as follows:

1. By Order dated January 13, 2020, this Honorable Court issued a Rule to Show Cause on Attorney Joseph Lento, why he should not be sanctioned under the Federal Rules of Civil Procedure, Rule 11 and 28 U.S.C.A. 1927, and the Court's inherent powers. Attached and marked as Exhibit "A" is a copy of the Rule to Show Cause issued by this Honorable Court.

2. A brief history is now necessary to properly respond. Eduardo Rosario hired the Optimum Law Group, Inc. Attorney Steven C. Feinstein, who worked for the Optimum Law Group, agreed to and was assigned to represent Eduardo Rosario. Mr. Feinstein filed the Complaint. Mr. Feinstein is admitted to practice law in the United States District Court for the Eastern District of Pennsylvania. The underlying Complaint alleged a violation of the Americans With Disability Act with respect to a

1

comedy performance that took place on February 10, 2019 at the Red Wine Restaurant, and the event was allegedly promoted and managed by Alex Torres Productions, Inc., d/b/a Red Wine Restaurant.

On January 1, 2020, Optimum Law Group changed its name to Lento Law Group, PC, to comply with New Jersey regulations. Joseph Lento is the Principal in the Lento Law Group, previously known as the Optimum Law Group. Mr. Lento is not licensed to practice law in the United States District Court for the Eastern District of Pennsylvania. Mr. Lento is licensed in the Commonwealth of Pennsylvania. That is why the Optimum Law Group retained the services of Attorney Steven C. Feinstein to represent Mr. Rosario.

By email dated November 12, 2019, Attorney Feinstein confirmed with the Optimum Law Group's office manager, pursuant to an email, that there was a December 20, 2019 hearing, which he would be attending. Mr. Feinstein made no reference to withdrawing from the case in that email.

Attorney Joseph Lento and the Optimum Law Group were under the impression that Attorney Feinstein would be present at the December 20, 2019 hearing because he was the attorney of record. This Honorable Court did hold a hearing on December 20, 2019, and dismissed the Complaint without prejudice and struck the default judgment. Unfortunately, Attorney Feinstein did not

appear and had to be telephoned. Pursuant to the notes of testimony, Attorney Steven Feinstein, who no longer works for Mr. Lento or the Optimum Law Group, appeared by telephone on behalf of the Plaintiff at the December 20, 2019 hearing. Mr. Feinstein told the Court that he had left the Optimum Law Group at the end of November. Mr. Feinstein did not notify Mr. Lento or the Optimum Law Group that he was not appearing on behalf of the Plaintiff, Mr. Rosario, and would not be present. If he had, another attorney would have been retained.

Mr. Lento respectfully contends that sanctions should not be entered against him since he was not aware of the need to appear on December 20, 2019 since Mr. Feinstein did not tell him, and Mr. Feinstein was still the attorney of record. Mr. Feinstein was the attorney who drafted the Complaint, as seen from page 5 of the notes of testimony. Surprisingly, Mr. Feinstein indicated he did not do any research as to the liability in this case. He only indicated he did a statutory review, and thought the statutory language would include the promoter, who would be responsible. At the hearing on December 20, 2019, Mr. Feinstein indicated Attorney Joseph Lento was the managing attorney for the Optimum Group, but stated that Mr. Lento was not admitted in the United States District Court for the Eastern District of Pennsylvania. Mr. Feinstein fully

admitted and apologized for not appearing initially (he had to be called by telephone).

This Honorable Court, at the December 20, 2019 hearing, stated one of the solutions to the problem would be to withdraw the Complaint and have the Plaintiff start all over again. This Court then struck the Complaint and the default judgment (see notes of testimony, pages 7-9).

Mr. Feinstein advised the Court that he had acted in good faith since he viewed the statutes at issue as being extensive and he had a good faith basis for including the promoter (see notes of testimony, page 9). Mr. Feinstein's stated, surprisingly, he had never met the Plaintiff, Mr. Rosario (see notes of testimony, page 12). Mr. Feinstein is a very experienced lawyer and has been practicing law for 34 years. Therefore, he clearly was aware of his duties to Mr. Rosario. This Honorable Court then allowed Mr. Feinstein to withdraw from the case (see notes of testimony, page 14). During the hearing, this Honorable Court indicated it would retain jurisdiction to impose sanctions upon lawyers who had represented the Plaintiff in this case, that is the Optimum Law Group (see notes of testimony, pages 16, 17). The Court indicated it would want legal authority if a new lawsuit was to be filed (see notes of testimony, page 18). Attached and marked as Exhibit "B" is a transcript of the December 20, 2019 hearing.

4

3.   Joseph D. Lento, on behalf of Optimum Law Group, disagrees with some of the statements made by Attorney Feinstein during the December 20, 2019 hearing. Attached and marked as Exhibit "C" is the November 12, 2019 email referred to by Attorney Feinstein. This was a communication between Attorney Feinstein and the Lento Law Group office manager. A review of that email shows a discussion back and forth about filing discovery and perhaps filing a default. The email ends when Attorney Feinstein tells the Office Manager that he'll discuss the lack of discovery and all the issues at the December 20th conference (see Exhibit "C"). There was never any other communication by Attorney Feinstein to either Attorney Lento or to the Optimum Law Group, which is now the Lento Law Group, that he would not appear at the December 20, 2019 conference. At the end of November, Mr. Feinstein was terminated from the Optimum Law Group. But, he never reminded Mr. Lento of the December 20, 2019 hearing. Mr. Lento believed Mr. Feinstein would cooperate in an orderly transition. Mr. Feinstein had not withdrawn his representation at the time of the December 20, 2019 hearing. Mr. Lento and Optimum Law Group assumed Mr. Feinstein would appear since he was the attorney of record. Mr. Feinstein never told anyone, including Mr. Lento, that he would not appear.

4.   It appears that Attorney and Optimum Law Group should not be the subject of sanctions. At all times, they relied on

Mr. Feinstein, who was retained by them to represent Mr. Rosario. Mr. Feinstein filed the Complaint and assured them there was a cause of action. Mr. Feinstein never said he would not appear, and Mr. Feinstein took no steps to withdraw as counsel. Mr. Feinstein did not advise Mr. Lento that he would not appear and did not remind Mr. Lento of the December 20, 2019 conference date. Mr. Lento was assuming Mr. Feinstein would cooperate in an orderly transition of the file. Therefore, Attorney Lento and Optimum Law Group did not intentionally not appear. Attorney Lento and Optimum Law Group were under the impression Mr. Feinstein would appear and handle an orderly transition. Attorney Lento was not licensed in the Eastern District of Pennsylvania and could not have entered his appearance or appeared. Therefore, it appears that the Rule to Show Cause should be dismissed against Attorney Lento and Optimum Law Group for all of those reasons.

5. On the issue of whether there was a good faith basis to file the Complaint, Mr. Lento and Optimum Law Group relied on Attorney Feinstein. If Optimum Law Group and Mr. Lento decide to refile the Complaint, they will provide a legal basis to justify why they believe there would be a viable cause of action. If after reviewing the law, they conclude there is not, then no further Complaint will be filed. But, at this point, there is no basis to sanction Attorney Lento since he had hired Attorney

6

Feinstein and paid him to represent Mr. Rosario, and to file the Complaint and proceed with the matter. Attorney Lento relied on Mr. Feinstein. Attorney Lento was not aware that Mr. Feinstein was not appearing at the December 20, 2019 hearing. Attorney Lento expected Mr. Feinstein to work an orderly transition and to advise him if he was not going to appear.

    6.    In conclusion, Mr. Lento respectfully requests that no sanctions should be entered against him or his law office for the above stated reasons.

                              Respectfully submitted,

                              *s/Samuel C. Stretton*
                              Samuel C. Stretton, Esquire
                              Attorney for Respondent,
                               Joseph D. Lento
                              103 S. High St., P.O. Box 3231
                              West Chester, PA  19381-3231
                              (610) 696-4243
                              Attorney I.D. No. 18491

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDUARDO ROSARIO, | : CIVIL ACTION |
| PLAINTIFF | : NO. 19-2222 |
| V. | : |
| ALEX TORRES PRODUCTIONS, INC., ET AL., | : |
| DEFENDANTS | : |

## CERTIFICATE OF SERVICE

I hereby certify I am this date serving a copy of the Answer to the Rule to Show Cause of the Respondent, Joseph D. Lento, Esquire, in the captioned matter upon the following persons in the manner indicated below.

Service by First Class Mail addressed as follows:

1. Honorable Eduardo C. Robreno
   Senior Judge
   United States District Court for the
    Eastern District of Pennsylvania
   601 Market Street, Room 15614
   Philadelphia, PA 19106-1705

2. Alex Torres, Pro Se
   Alex Torres Productions, Inc.
   651 Weybridge Court
   Lake Mary, FL 32746

3. Steven C. Feinstein, Esquire
   Feinstein Law Office
   107 Wayne Court
   West Chester, PA 19380
   Attorney for Plaintiff, Eduardo Rosario

4. Eduardo Rosario
   2940A Waldorf Avenue
   Camden, NJ 08105

5. Joseph D. Lento, Esquire
   Lento Law Firm
   1500 Walnut Street, Suite 500
   Philadelphia, PA 19102

                        Respectfully submitted,

*February 10, 2020*          *s/Samuel C. Stretton*
Date                         Samuel C. Stretton, Esquire
                             Attorney for Respondent,
                              Joseph D. Lento, Esq.
                             103 S. High Street
                             P.O. Box 3231
                             West Chester, PA  19381
                             (610) 696-4243
                             Attorney I.D. No. 18491