IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Eduardo Rosario, | : | CIVIL ACTION |
| | : | NO. 19-2222 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| Alex Torres Productions, | : | |
| Inc., et al., | : | |
| | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this **13th** day of **January, 2020**, after a hearing in open court on December 20, 2019, with Alex Torres present, and neither Eduardo Rosario nor La Guira, Inc., present, it is hereby **ORDERED** that:

1. The Default (ECF No. 4) is **STRICKEN**;[1]

2. The Complaint (ECF No. 1) is **DISMISSED**;[2]

3. The Court retains jurisdiction for 90 days to consider referral of Steven C. Feinstein, Esq., and Joseph D. Lento, Esq., to the relevant disciplinary

---

[1] No evidence supporting entry of a default judgment was presented by Plaintiff at the hearing.

[2] The complaint is dismissed for failure to prosecute. Plaintiff's counsel of record failed to appear in person at the initial pretrial conference. He was contacted by telephone and represented to the Court that he was no longer plaintiff's counsel in this matter (a copy of the transcripts containing this representation is attached hereto). Judicial economy is advanced by dismissal of the case without prejudice so counsel of record can sort out the issue of Plaintiff's representation. Because this dismissal is without prejudice, the Court does not need to apply the Poulis factors before dismissing the case for failure to prosecute. Cf. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (requiring consideration of six factors before dismissing a case with prejudice due to noncompliance with a court order). If the complaint is refiled, it shall include legal authority for the proposition that a promoter may be held liable under the circumstances presented in this case.

Exhibit "A"

board and to consider imposing monetary sanctions on Steven C. Feinstein, Esq., Joseph D. Lento, Esq., and Optimum Law Group, P.C., under Rule 11, 28 U.S.C. § 1927, and the Court's inherent power;[3]

4. A Rule is **ISSUED** for Steven C. Feinstein, Esq., Joseph D. Lento, Esq., and Optimum Law Group, P.C., to show cause, by **February 10, 2020**, why sanctions should not be imposed;

5. Steven C. Feinstein, Esq., is directed to withdraw his appearance for the plaintiff; and

6. Steven C. Feinstein, Esq., is directed to serve a copy of this Order on Joseph D. Lento, Esq., and Eduardo Rosario.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
EDUARDO C. ROBRENO, J.

---

[3]  Plaintiff's counsel of record represented to the Court conduct which constitute prima facie violations of the Pennsylvania Rules of Professional Conduct and Rule 11 of the Federal Rules of Civil Procedure (a copy of the transcripts containing these representations is attached hereto).

2