# IN THE UNITED STATES COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANNIA

EDUARDO ROSARIO
*Plaintiff*

**Civil Action No.** 19-cv-2222

v.

*ALEX TORRES PRODUCTIONS, INC.*
*Defendant*

---

## ANSWERS TO COMPLAINT CIVIL CASE

**The Defendant, Alex Torres Productions, Inc ("Torres") in answering the allegations of the Complaint on file herein, affirms, denies and alleges as follows:**

1. Agreed

2. Agreed

3. Agreed

4. Agreed

### FACTUAL ALLEGATIONS

5. Agreed

6. Agreed

7. Agreed

8. Agreed

9. Denied. Defendant, Red Wine, did not hired Defendant, Torres, to promote the comedy show. Defendant, Red Wine, provided it facilities to be used at no cost.

10. Agreed and in part denied Red Wine, failed to communicate in advanced the fact that the location where the comedy show was to be held did not comply with the Americans with Disabilities Act of 1990.

11  Agreed and in part denied. Plaintiff purchased a ticket to the comedy show, but did not confirm directly with Defendant, Torres, if Red Wine Restaurant was accessible to persons with a wheelchair.

11. Agreed and in part denied. As owner of the location, Red Wine, controls and manages the facilities.

12. Agreed

13. Agreed

14. Neither admitted or denied because I do not have enough information to know the truth of the matter

15. Agreed

16. Agreed

17. Agreed and in part denied. It is the responsibility of Defendant, Red Wine, to comply with ADA's minimum accessibility requirements for commercial facilities. Defendant, Torres does not own, rent or operate the Red Wine Restaurant.

18. Agreed and in part denied. It is the responsibility of Defendant, Red Wine, to comply with ADA's minimum accessibility requirements for commercial facilities

19. Agreed

20. Agreed

21. Agreed and in part denied. It is the responsibility of Defendant, Red Wine, to comply with ADA's minimum accessibility requirements for commercial facilities

22. Agreed

23. Agreed and in part denied. It is the responsibility of Defendant, Red Wine, to comply with ADA's minimum accessibility requirements for commercial facilities

24. Agreed

25. Neither admitted or denied because I do not have enough information to know the truth of the matter

26. Neither admitted or denied because I do not have enough information to know the truth of the matter

27. Neither admitted or denied because I do not have enough information to know the truth of the matter

29. Agreed

30. Agreed and in part denied. The Red Wine, is responsible to comply with ADA's laws and regulations as well as those of The Pennsylvania Human Relations Act and applicable provisions.

31. Agreed

### FIRST CAUSE OF ACTION

### VIOLATION OF THE AMERICAN WITH DISABILITIES ACT.

32. Defendant, Torres, does not know or have enough information to form a belief as to whether the allegations are true

33. Agreed

34. Agreed

35. Agreed

36. Agreed

37. Agreed and in part denied. Defendant, Red Wine, is responsible for removing architectural barriers and/or alter its facilities in order to make the readily accessible to people with disabilities.

38. Denied. Defendant, Torres, was responsible for selling tickets and presenting the comedy show.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE PENSYLVANIA HUMAN RELATIONS ACT. 43P.S.  951-963

39. Defendant, Torres, does not know or have enough information to form a belief as to whether the allegations are true

40. Agreed

41. Agreed

42. Agreed and in part denied. Defendant, Torres, does not own, rent or operate the Red Wine Restaurant.

43. Agreed and in part denied. Defendant, Torres, does not own, rent or operate the Red Wine Restaurant.

44. Agreed and in part denied. Defendant, Torres, does not own, rent or operate the Red Wine Restaurant.

45. Agreed and in part denied. Defendant, Torres, does not own, rent or operate the Red Wine Restaurant.

46. Agreed

47. Agreed and in part denied. Defendant, Torres, is not the owner of the Red Wine.

48. Defendant, Torres, does not know or have enough information to form a belief as to whether the allegations are true

49. Agreed and in part denied. Defendant, Torres, is not the landlord or owner of the Red Wine.

50. Agreed

51. Agreed

52. Agreed and in part denied. Defendant, Torres, does not own, rent or operate the Red Wine Restaurant.

53. Defendant, Torres, does not know or have enough information to form a belief as to whether the allegations are true.

54. Defendant, Torres, does not know or have enough information to form a belief as to whether the allegations are true.

55. Agreed and in part denied. Defendant, Torres, does not own or operate the Red Wine.

## DEFENSE

Defendant, Torres had never been or visited the Red Wine before February 10, 2019. Torres was under the impression that the Red Wine was compliant ADA's laws and regulations.Red Wine failed to notified Defendant, Torres that the location was not wheelchair accessible.

Defendant, Torres found out that the Red Wine was not wheelchair accessible when he arrived at the Red Wine 90 minutes before show time. Defendant, Torres is not responsible for making structural changes to the Red Wine because he is not the owner, landlord or operates the Red Wine. At no time did Defendant, Torres acted with malice. He tried to resolve the situation after the Red Wine refused to help and offer a solution. Defendant, Torres refunded the Plaintiff's ticket money in cash, apologized and offered the only solution available at the time which was to carry the Plaintiff downstairs.

Defendant, Torres has two brothers that are handicap and a Bachelors Degree in Special Education and would not discriminate intentionally toward a handicap person.

Defendant, Torres homestead and primary market of business is in the state of Florida. This was the first and only time Torres has presented a show in Philadelphia.

Defendant, Torres respectfully request that he be dismiss as part of this civil complaint.

RESPECTFULLY,

ALEX TORRES  
ALEX TORRES PRODUCTIONS, INC.

651 Weybridge Court  
Lake Mary, Florida 32746  
Defendant

Dated: August 30, 2019

# IN THE UNITED STATES COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANNIA

EDUARDO ROSARIO
*Plaintiff*

**Civil Action No.** 19-cv-2222

*v.*

ALEX TORRES PRODUCTIONS, INC.
*Defendant*

## VERIFICATION

Personally appeared before me the undersigned who on oath states that the facts set forth in this Complaint are true and correct to the best of his knowledge and belief.

_____

Defendant

Sworn and subscribed before me

This _____ day of _____, 20\_\_\_\_\_.

_____

Notary Public, Sate of Florida

My commission Expires _____

# IN THE UNITED STATES COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANNIA

EDUARDO ROSARIO
*Plaintiff*

Civil Action No. 19-cv-2222

*v.*

*ALEX TORRES PRODUCTIONS, INC.*
*Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing ANSWER upon counsel for all parties by depositing a copy of the same in the mail in an envelope thereon address as follows:

Steven C. Feinstein
Optimum Law Group
242 Terrace Blvd. Suite D1
Voorhees, NJ 08043

This 30th day of August, 2019

_____

Defendant

ALEX TORRES PRODUCTIONS, INC.
651 WEYBRIDGE COURT
LAKE MARY, FL. 32746

Phone: 321-215-1728

**U.S. District Court, Eastern District of Pennsylvania**

**601 Market Street, Room 2609**

**Philadelphia, PA 19106-1797**

**Phone: (215) 597-7704**